```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABDULBASSIT CHOUDARY,
                            Movant,

      -against-

UNITED STATES OF AMERICA,
                            Respondent.
-----------------------------------------------------------x

10 Civ 7909 (PKC)

09 Cr. 443 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.

        Abdulbassit Choudary moves to vacate his conviction and sentence, pursuant to 28 U.S.C. 2255. He relies principally, although not exclusively, on Padilla v. Kentucky, __U.S. ___, 130 S.Ct. 1473 (2010), and claims that he did not know or appreciate that he would be subject to deportation. He also claims that his lawyer "represented that CHOUDRAY would get less than one (1) year, if not probation or house arrest." He claims ineffective assistance of counsel. Having considered all of his claims and arguments, his motion is denied.

        Mr. Choudary entered a plea of guilty to one count of conspiracy to commit immigration fraud and make false statements. He admitted to preparing more than 99 false documents for clients of the law firm employing him. At his plea allocution, this Court advised him that one of the consequences of his plea of guilty is he may be deported and prohibited from reentering; he said he understood. (July 15, 2009, Tr. 10-11.) The Court informed him that he could be sentenced all the way up to the statutory maximum. (Id., Tr. 11.) The Court informed him that " any prediction, calculation or estimate that anyone has made to you as to what sentence I may give you is not binding on me, and if turns out to be wrong, you may not be permitted to withdraw your guilty plea." (Id., Tr. 13.) He said he understood. (Id.) After informing him of his rights, but before accepting a guilty plea, the Court asked whether he had any questions for the Court and indicated that he did not. (Id., Tr. 18.)

His plea agreement with the government, which he said he read and understood, informed him that he could be sentenced up to the statutory maximum. (Plea Agreement, at p. 4.) It also informed him that "he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences." (Id. at 5.)

I note that his court-appointed lawyer in an affidavit filed with the Court denies with reasonable and plausible particulars Mr. Choudary's claims. Mr. Choudary was given 20 days to reply to the Respondent's submission, which included the affidavit but he has not done so. Because of the other overwhelming evidence rebutting the existence of the claim, I need not rely on counsel's affidavit.

Finally, I note that, as a mitigating circumstance presented at sentencing, Mr. Choudary's lawyer argued that "[d]eportation is on the horizon." (October 16, 2009, Tr. 17.)

The Court has considered all of Mr. Choudary's other arguments and concludes that they are without merit. The motion is DENIED and the Clerk is directed to close the case. Movant has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 31, 2011